RICHARD SILER,                    :

       Plaintiff,             :        <u>PRELIMINARY REPORT
                                         OF MAGISTRATE JUDGE</u>

v.                                :

AGENT THOMAS LAWLER,              :

       Defendants.            :
_____

## Introduction

The plaintiff Richard Siler, currently housed at the Federal Detention Center, Miami, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983.  This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff seeks redress from a government entity or officer or employee of a governmental entity.

## Claims

Plaintiff purports to sue Agent Thomas Lawler for alleged due process violations and "prosecutorial misconduct" pursuant to 42 U.S.C. § 1983.  (DE#1).  Plaintiff alleges that on February 14, 2014, he was arrested on "1028(a) and 1029(a)" and that, following a jury trial, he was found guilty of cetain counts.  The Court thus takes judicial notice of records filed in Plaintiff's criminal case, 14-Cr-20116-Gayles, for the sake of giving context to Plaintiff's allegations.[1]

_____

[1]<u>See</u> <u>Fed.R.Evid.</u> 201(b) and (c); <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(<i>quoting</i> <u>Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.</u>, 969 F.2d 1384, 1388-89 (2d Cir. 1992)); <u>see also</u> <u>Brooks v. Blue Cross &</u>

Plaintiff was charged with one count of trafficking and use of unauthorized access devices (the Social Security numbers of other persons) in violation of 18 U.S.C. § 1029(a), two counts of possession of fifteen (15) or more unauthorized access devices (again, the Social Security numbers of other persons) in violation of 18 U.S.C. § 1029(a), and six counts of transferring, possessing or using the means of identification of another person during and in relation to felony in violation of 18 U.S.C. § 1209(a), which in turn is a violation of 18 U.S.C. § 1028A(a).  (Case No. 14-Cr-20116-Gayles, DE#11).   Plaintiff  proceeded  to  trial  and  was convicted of all but one of the § 1029(a) possession counts, and was sentenced to a total term of 130 months' imprisonment.  (See Id. at DE#47, 50, 53, 54, 57, 68, 80, 81, 82).

Plaintiff appealed his convictions and sentences. (Id. at DE#69).  The Eleventh Circuit affirmed Plaintiff's convictions, but remanded  the  case  for  resentencing,  for  reasons  that  are  not pertinent here.  (Id. at DE#98).  Plaintiff was then sentenced to a total term of 154 months' imprisonment, and Plaintiff again appealed.  (Id. at DE#101, 104).  That sentenced was affirmed, and June 12, 2017 Plaintiff's petition for a writ of certiorari was denied by the Supreme Court.  (Id. at DE#116, 119).

In this instant § 1983 case, Plaintiff alleges that, after he was arrested, Agent Lawler asked Plaintiff almost a dozen times where  Plaintiff  got  the  information  (presumably  the  identity information of other persons).  (DE#1).  Plaintiff further alleges that he then explained to Agent Lawler that he was in the "leads" business, and that he purchases different types of leads in both

---

Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)(where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of determining whether the plaintiff has stated a claim).

names and numbers in order to maintain his business.[2]  According to Plaintiff, he sold information to an accountant who told Plaintiff he was looking to build his client base, when that accountant was actually a fraudster that had turned into a government informant.

Plaintiff then goes on to alleges that, during the initial interrogation, Agent Lawler wrote a false confession in his own handwriting.  Plaintiff also alleges that, during the course of Plaintiff's criminal trial, Agent Lawler fabricated evidence, committed various Brady violations,[3] and assisted the government in the "cooking of evidence" to "lay the groundwork for the defendant's guilty verdict."  (DE#1, p.2).  As relief, Plaintiff requests that the Court conclude that no illegal tax refund check ever existed,[4] and that Plaintiff ran a legitimate business and only had limited contact with "CHS."  Plaintiff then alleges a series of facts that he claims will demonstrate "[t]he manufacturing of guilty verdicts in 5 easy steps."  (DE#1, p.6 of image scanned at CM/ECF).

### Standard of Review

Section 1915A of the PLRA provides:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[2]A "leads" broker apparently sells business leads in the form individual's names and identifying information in the areas of mortgage, debt settlement, pay-day loans, health and life insurance, and more.  (See DE#1).

[3]In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), the Supreme Court enunciated the now well-established principle that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

[4]The existence of an alleged illegal tax refund check was part of the evidence admitted at trial against Plaintiff.

3

(b) Grounds for dismissal.--On review, the court shall
identify cognizable claims or dismiss the complaint, or
any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim
upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune
from such relief.

28 U.S.C. §1915A(a), (b).

A complaint is frivolous under the PLRA "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in

4

the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd.</u> <u>Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell</u> <u>Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11th Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v.</u> <u>Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(<u>quoting</u> <u>Twombly</u>, 127 S.Ct. at 1964).

Finally, before a complaint is dismissed as frivolous or for failure to state a claim upon which relief can be granted under the PLRA, a <u>pro se</u> plaintiff should generally be permitted to amend the complaint in an attempt to cure pleading deficiencies, if possible. "Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15." <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002)(citations omitted). However, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." <u>Burger King</u>

5

Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999); see also Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir.2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile) (*citing*, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.2007); Allen v. Evans, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002)).


## Discussion

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the Supreme Court held that injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights.  403 U.S. at 389.  A Bivens claim is analogous to a § 1983 claim against a state or local officer. Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1297 n. 15 (11th Cir. 2003). "Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, [courts] generally apply § 1983 law to Bivens cases."  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quotation omitted) (alteration added).

Here, Plaintiff purports to sue Agent Lawler under § 1983. However, Agent Lawler is a federal agent.  A claim under § 1983 therefore does not lie, since § 1983 provides relief only for constitutional violations by individuals acting under color of

state law.  Therefore, to the extent that Plaintiff purports to sue Agent Lawler under § 1983, the Court will construe his complaint as a Bivens action.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(pro se filings should be liberally construed, and are subject to less stringent pleading requirements); see also Graham v. Henderson, 89 F.3d 75, 79 (2ⁿᵈ Cir. 1996)(when read liberally, a pro se habeas petition "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'")(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2ⁿᵈ Cir. 1994).

Plaintiff's claim against Agent Lawler challenges the validity of his underlying criminal convictions. However, in Heck v. Humphrey, the United States Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus[,]" and complaints containing such claims must therefore be dismissed. 512 U.S. 477, 483–489 (1994). Under Heck, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" 512 U.S. at 487. The Supreme Court emphasized that "habeas corpus is the exclusive remedy for a...prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under § 1983. Id. at 481. In so doing, the court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action.

In Edwards v. Balisok, the Supreme Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages...that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983" unless the prisoner can

demonstrate that the challenged action has previously been invalidated. 520 U.S. 641, 648 (1997). Moreover, the court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Id. at 645. The court reiterated the position previously taken in Heck that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction is a petition for writ of habeas corpus. Balisok, 520 U.S. at 645. Additionally, the Court "reemphasize[d]...that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." Id. at 649. The Heck rule applies equally to Bivens actions. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

Here, Plaintiff's claims take issue with the validity of his convictions. Specifically, as set forth above, Plaintiff alleges that Agent Lawler "manufactured" Plaintiff's convictions through a variety of alleged misconduct in Plaintiff's underlying criminal case, and effectively asks this Court to conclude that Plaintiff is not guilty. Thus, a judgment in favor of Plaintiff on his claim against Agent Lawler would necessarily imply the invalidity of his convictions and sentences. Therefore, they are barred by Heck. See Heck, 512 U.S. at 487 (the relevant inquiry for purposes of determining if a laim is barred is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence").

Moreover, as set forth above, the Heck bar renders Plaintiff's claim non-cognizable and thus subject to dismissal as a matter of law. Edwards, 520 U.S. at 649. Indeed, Plaintiff fails to allege that his confinement has been remedied by any of the procedures listed in Heck, and review of the docket in his criminal case confirms that his convictions have not been reversed, expunged,

8

invalidated, or impugned by the grant of a motion to vacate pursuant to § 2255.  Therefore, any attempt by Plaintiff to amend his complaint to state a claim against Agent Lawler would be futile.  See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)(factors counseling against include, *inter alia*, futility of amendment); Weaver, 169 F.3d at 1320 (denial of leave to amend is justified by futility); Spaulding, 548 Fed.Appx. at 594 (magistrate judge did not abuse his discretion in denying Plaintiff leave to amend where amendment would have been futile).

## Conclusion

Based on the foregoing, it is recommended that the complaint be dismissed in its entirety pursuant to 28 U.S.C. §1915A(b)(1) as frivolous, malicious, and failing to state a claim upon which relief may be granted due to being barred by the doctrine of Heck v. Humphrey, supra, without further leave to amend.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.  Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

It is so recommended at Miami, Florida, this 14th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copy furnished:

Richard A. Siler
02154-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101